IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

MICHAEL RUECKERT          )
                                      )
            Plaintiff,       )
                                      )
vs.                              )       Case No. 14-6029-CV-SJ-ODS-SSA
                                      )
CAROLYN W. COLVIN,      )
Acting Commissioner of Social Security, )
                                      )
            Defendant.    )

ORDER AND OPINION AFFIRMING
COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying his application for disability benefits. The Commissioner's decision is affirmed.

## I.    INTRODUCTION

Plaintiff was born in October 1973, completed high school and has prior work experience as a truck driver, palletizer and industrial cleaner. He alleged he became disabled on July 6, 2011. The ALJ determined Plaintiff's severe impairments included "chronic obstructive pulmonary disease (COPD), anxiety, history of attention deficit hyperactivity disorder (ADHD), depression, and personality disorder not otherwise specified." R. at 13. The ALJ found Plaintiff has the residual functional capacity ("RFC") to:

> [P]erform medium work…; he could lift and/or carry 50 pounds occasionally, 25 pounds frequently; stand and/or walk eight hours total in an eight-hour workday; and sit eight hours total in an eight-hour workday. He must avoid extremes of heat or cold and concentrated exposure to airborne irritants. Mentally, the claimant is capable of repetitive work that does not involve detailed instructions or tasks. He must avoid crowds and interaction with the public. The claimant could have occasional interaction with coworkers.

R. at 16.  Based on the testimony of a vocational expert, the ALJ determined Plaintiff could perform his past relevant work as a palletizer and he also could perform work as an industrial cleaner, landscape specialist and kitchen helper.  R. at 22-23.

## II.    DISCUSSION

In this proceeding, Plaintiff contends the ALJ committed two errors.  First, Plaintiff alleges the RFC is not supported by substantial evidence in the record.   Second, Plaintiff alleges the ALJ failed to do a proper credibility analysis.

"[R]eview of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole.  Substantial evidence is evidence when reasonable minds would accept as adequate to support the Secretary's conclusion.  [The Court] will not reverse a decision simply because some evidence may support the opposite conclusion."  *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted).  Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision.  *Forsythe v. Sullivan*, 926 F.2d 774, 775 (8th Cir. 1991) (citing *Hutsell v. Sullivan*, 892 F.2d 747, 749 (8th Cir. 1989)).  Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion.  *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

### A.

Plaintiff maintains the RFC is not supported by substantial evidence in the Record. The ALJ determines Plaintiff's RFC "based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations."  *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2011).  It is not true that the RFC can be proved only with medical evidence.  *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000).

### 1.

Plaintiff alleges the RFC is not supported by substantial evidence because the ALJ did not sufficiently develop the record regarding his physical limitations.  Plaintiff

2

bears the burden of establishing his disability. *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995). "While an ALJ should recontact a treating or consulting physician if a critical issue is undeveloped, the ALJ is required to order medical examinations and tests only if the medical records presented him do not give sufficient medical evidence to determine whether the claimant is disabled." *Martise*, 641 F.3d 909, 926-27 (citations and quotations omitted). The ALJ is not required to rely on opinion evidence in determining Plaintiff's RFC. *Id.* at 927. Here, the ALJ was not required to further develop the record, because "there is no indication that the ALJ felt unable to make the assessment he did and his conclusion is supported by substantial evidence." *Tellez v. Barnhart*, 403 F.3d 953, 957 (8th Cir. 2005).

Plaintiff argues his physical limitations include COPD, sleep issues and appetite issues. Plaintiff further argues the ALJ relied on one pulmonary function test to determine Plaintiff's physical limitations. But this is not an accurate description of the ALJ's analysis. The ALJ relied on other evidence in addition to the pulmonary function test. For example, the ALJ pointed to Plaintiff's appeals disability report and treatment notes from Northwest Health Services in discussing Plaintiff's sleep issues and COPD. Ex. 7E, Ex. 5F. Also, the ALJ repeatedly relies on Exhibit 7F, and Plaintiff's appetite issues are discussed therein. In determining Plaintiff's physical limitations, the ALJ noted Plaintiff was diagnosed with a mild form of COPD, Plaintiff's inhaler effectively managed his COPD symptoms, Plaintiff continued smoking cigarettes despite doctors advising him to do otherwise, and treatment notes consistently found Plaintiff had normal respiration and non-labored breathing.

<u>2.</u>

Plaintiff contends the RFC is not supported by substantial evidence because the ALJ did not incorporate the opinion evidence of Dr. Michael Schwartz into the RFC.

Dr. Schwartz's Medical Source Statement ("MSS") indicated Plaintiff had only moderate limitations in understanding, remembering and carrying out complex instructions and in being able to make judgments on complex work-related decisions. R. at 232. Dr. Schwartz also found Plaintiff had only moderate limitations in interacting appropriately with the public, supervisors and co-workers and in responding

3

appropriately to usual work situations and to changes in a routine work setting.  R. at 233.  At Plaintiff's hearing, the ALJ specifically asked the vocational expert about available jobs for someone who could do repetitive work "that does not involve detailed instructions or tasks; cannot interact with the general public; should not work in crowds; and can have only occasional interaction with co-workers."  R. at 47-48.  Based on these limitations, the vocational expert testified unskilled jobs with a Specific Vocational Preparation ("SVP") rating of 2 would be available.  Upon further questioning from Plaintiff's attorney, the vocational expert explained that jobs with a SVP 2 rating "are simple jobs, repetitive and one/two/three-step jobs.  And once you get into problem solving or conflict solving, we're talking about semi-skilled work."  R. at 49.

Ultimately, the ALJ determined Plaintiff had the RFC to do "repetitive work that does not involve detailed instructions or tasks.  He must avoid crowds and interaction with the public.  The claimant could have occasional interaction with coworkers."  R. at 16.   Plaintiff maintains the ALJ did not include all of Dr. Schwartz's limitations into the RFC.  To the contrary, it appears the ALJ directly incorporated most, if not all, of the limitations described in Dr. Schwartz's MSS.

Plaintiff notes Dr. Schwartz examined him on April 27, 2012 and based on that examination, Dr. Schwartz assigned Plaintiff a Global Assessment of Functioning ("GAF") score of 45.  Plaintiff claims the ALJ did not account for this GAF score in the RFC.  Dr. Schwartz filled out the MSS a mere two days after the exam.  Presumably Dr. Schwartz accounted for any observations or conclusions he noted in his examination in the MSS he completed two days later.   Additionally, the Eighth Circuit has held that an ALJ ignoring a GAF score, on its own, is not sufficient to require remand.  *Jones v. Astrue*, 619 F.3d 963, 973 (8th Cir. 2010).  Further, the Eighth Circuit has determined a GAF score is not essential to an RFC's accuracy.  *Jones*, 619 F.3d at 973-74; *Halverson v. Astrue*, 600 F.3d 922, 930-31 (8th Cir. 2010).  Here, the ALJ did not ignore the GAF score Dr. Schwartz assigned to Plaintiff.  Rather, the ALJ directly addressed the score as one piece in his thorough analysis of all the evidence regarding Plaintiff's mental impairments.  The ALJ found the GAF score was "inconsistent with the claimant's longitudinal mental health treatment records, which show[ed] his condition significantly improves with medication and counseling."  R. at 19.

4

Plaintiff contends the RFC is not supported by substantial evidence because the ALJ did not incorporate the opinion evidence of Gabriel Teem into the RFC.

The ALJ properly discounted Teem's opinion for several reasons. The ALJ noted Teem's opinion was a checkbox form that provided "only conclusions…without any rationale for those conclusions." R. at 20. The Eighth Circuit repeatedly has found that checkbox forms generally have little evidentiary value when they provide "little to no elaboration." *Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012). Next, Teem's opinion suggested Plaintiff had marked and/or extreme limitations. But the ALJ determined these limitations were inconsistent with the medical record, and thus Plaintiff's limitations were not as extreme as Teem suggested. For example, the ALJ found Plaintiff's psychological symptoms were effectively treated with medicine. R. at 20. It is well-settled in the Eighth Circuit that the ALJ may discount an opinion if it is contrary to evidence in the Record. *E.g.*, *Anderson v. Astrue*, 696 F.3d at 793-94 (8th Cir. 2012); *Halverson v. Astrue*, 600 F.3d 922, 929-30 (8th Cir. 2010); *Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996). Finally, the ALJ determined that because Teem is a counselor, she is not an acceptable medical source. Thus, the ALJ gave her opinion less weight than other medical source opinions. 20 C.F.R. 404.1513(a); Social Security Ruling 06-03p.

Plaintiff contends the ALJ failed to properly assess his credibility. In assessing Plaintiff's credibility, the critical issue is not whether Plaintiff experiences physical and mental impairments, but rather the degree to which he experiences them. *House v. Shalala*, 34 F.3d 691, 694 (8th Cir. 1994). The familiar standard for analyzing claimant's subjective complaints of pain is set forth in *Polaski v. Heckler*. 739 F.2d 1320 (8th Cir. 1984). While the ALJ did not cite *Polaski* in his analysis which is the Eighth Circuit's "preferred practice," the ALJ cited to 20 C.F.R. 404.1529, and the requirements found therein "largely mirror the *Polaski* factors." *Schultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007).

The ALJ determined Plaintiff's subjective complaints regarding his COPD were not credible for several reasons. The ALJ found Plaintiff did not require frequent hospitalizations due to difficulty breathing, Plaintiff's COPD improved significantly after using a bronchodilator, Plaintiff's Albuterol inhaler effectively managed his COPD symptoms, Plaintiff was diagnosed with a mild form of COPD, and Plaintiff continued smoking cigarettes despite doctors advising him to do otherwise. The ALJ also determined Plaintiff's subjective complaints regarding his psychological limitations were not credible. The ALJ found Plaintiff's psychological symptoms were effectively treated with medicine and counseling, Plaintiff wanted to extend one of his hospital stays "to increase his chances of obtaining disability," Plaintiff stopped working at his previous job due to layoffs not disability, Plaintiff continued to work "odd jobs" but did not reveal this fact at the hearing, Plaintiff had a poor work history and Plaintiff's daily activities could not be objectively verified.

Plaintiff takes issue with the last two reasons. First, Plaintiff contends his "poor work history is arguably due to mental impairments." Pl. Br. at 16. However, a poor work history is a factor the ALJ may consider in assessing Plaintiff's credibility. *Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001) ("A lack of work history may indicate a lack of motivation to work rather than a lack of ability.") *See also, Buckner v. Astrue*, 646 F.3d 549, 558 (8th Cir. 2011).

Second, Plaintiff maintains his daily activities could be verified as they are consistent with objective medical evidence. Plaintiff testified he neglected his own personal care, had difficulty sleeping and lacked motivation to perform daily chores. Plaintiff asserts this testimony is consistent with treatment notes from medical professionals who repeatedly noted his unclean and disheveled appearance and who noted his self-reports regarding difficulty sleeping, lack of motivation and reduced energy. However, much of this "objective" medical evidence actually is based on Plaintiff's subjective self-reports. Additionally, the ALJ found Plaintiff's reported daily activities did not provide strong evidence in finding Plaintiff disabled because the medical evidence was "relatively benign." R. at 14. Finally, Plaintiff's daily activities are only one of many factors the ALJ considered in assessing Plaintiff's credibility. Given

6

the numerous other reasons the ALJ cited, this Court finds that the credibility assessment is supported by substantial evidence in the Record.

The task of weighing credibility factors falls on the ALJ, not the District Court. *E.g.*, *Finch v. Astrue*, 547 F.3d 933, 936 (8th Cir. 2008). The ALJ provided good reasons for discounting Plaintiff's credibility that are consistent with *Polaski*. Accordingly, the ALJ's decision is entitled to deference. *E.g.*, *Renstrom v. Astrue*, 680 F.3d 1057, 1067 (8th Cir. 2012).

### III.   CONCLUSION

The Commissioner's final decision denying benefits is affirmed.

IT IS SO ORDERED

                                    /s/ Ortrie D. Smith
                                    ORTRIE D. SMITH, SENIOR JUDGE
DATE:  November 18, 2014            UNITED STATES DISTRICT COURT